IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JORGE ALBERTO GUTIERREZ-OLIVARES,<br><br>　　　　Defendant. | No. CR 08-616 CRB<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS** |

Unlike the petitioner in Beckles v. United States, 2017 WL 855781 (U.S. 2017), Mr. Gutierrez-Olivares's sentence was not enhanced under U.S.S.G. § 4B1.2(a)'s residual clause or any other guideline mirroring the Armed Career Criminal Act's now-void-for-vagueness residual clause. Compare U.S.S.G. § 4B1.2(a) (at issue in Beckles) and 18 U.S.C. § 924(e)(2)(B) (at issue in Johnson v. United States, 135 S. Ct. 2551 (2015)), with U.S.S.G. § 2L1.2(b)(1)(A) (at issue here). Beckles was never going to help him, even if the case had come out his way, which it did not. See Beckles, 2017 WL 855781, at *3 (holding that advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause). Accordingly, the Court GRANTS the government's motion to dismiss.[1]

**IT IS SO ORDERED.**

Dated: March 28, 2017

　　　　　　　　　　　　　　　　　　　　CHARLES R. BREYER
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] The Court therefore need not consider the petition's possible procedural problems.